MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
FERNANDO MENDOZA, *individually and on*
*behalf of others similarly situated,*

<table>
<tr><td>                                    Plaintiff,</td><td>**COMPLAINT**</td></tr>
<tr><td></td><td></td></tr>
<tr><td>        -against-</td><td>**COLLECTIVE ACTION UNDER**</td></tr>
<tr><td></td><td>**29 U.S.C. § 216(b)**</td></tr>
<tr><td>LGRC CORP.  (D/B/A PLAZA DELI) and<br>YOUNG CHUL SONG,</td><td>**ECF Case**</td></tr>
<tr><td>                    *Defendants.*</td><td></td></tr>
</table>

-------------------------------------------------------X

Plaintiff Fernando Mendoza ("Plaintiff Mendoza" or "Mr. Mendoza"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against LGRC Corp. (d/b/a Plaza Deli), ("Defendant

Corporation") and Young Chul Song, ("Individual Defendant"), (collectively, "Defendants"),

alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Mendoza is a former employee of Defendants LGRC Corp. (d/b/a Plaza

Deli) and Young Chul Song.

2.       Defendants own, operate, or control an American deli, located at 127 John St, New

York, NY 10038 under the name "Plaza Deli".

3.      Upon information and belief, individual Defendant Young Chul Song, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the deli as a joint or unified enterprise.

4.      Plaintiff Mendoza was employed as a salad maker at the deli located at 127 John St, New York, NY 10038.

5.      At all times relevant to this Complaint, Plaintiff Mendoza worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Mendoza appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Mendoza wages on a timely basis.

8.      Defendants' conduct extended beyond Plaintiff Mendoza to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendoza and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Mendoza now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Mendoza seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Mendoza's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American deli located in this district. Further, Plaintiff Mendoza was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Fernando Mendoza ("Plaintiff Mendoza" or "Mr. Mendoza") is an adult individual residing in Kings County, New York.

15.     Plaintiff Mendoza was employed by Defendants at Plaza Deli from approximately April 2017 until on or about February 28, 2019.

16.     Plaintiff Mendoza consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled an American deli, located at 127 John St, New York, NY 10038 under the name "Plaza Deli".

18.     Upon information and belief, LGRC Corp. (d/b/a Plaza Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 127 John St, New York, NY 10038.

19.     Defendant Young Chul Song is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Young Chul Song is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Young Chul Song possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Mendoza, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20.     Defendants operate an American deli located in the Financial District of Manhattan in New York City.

21.     Individual Defendant, Young Chul Song, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff Mendoza's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mendoza, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff Mendoza (and all similarly situated employees) and are Plaintiff Mendoza's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff Mendoza and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendant Young Chul Song operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Mendoza's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Mendoza, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Mendoza's services.

28. In each year from 2017 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30. Plaintiff Mendoza is a former employee of Defendants who was employed as a salad maker.

31. Plaintiff Mendoza seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Fernando Mendoza*

32. Plaintiff Mendoza was employed by Defendants from approximately April 2017 until on or about February 28, 2019.

33. Defendants employed Plaintiff Mendoza as a salad maker.

34.     Plaintiff Mendoza regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35.     Plaintiff Mendoza's work duties required neither discretion nor independent judgment.

36.     Throughout his employment with Defendants, Plaintiff Mendoza regularly worked in excess of 40 hours per week.

37.     From approximately April 2017 until on or about February 28, 2019, Plaintiff Mendoza worked from approximately 7:00 a.m. until on or about 4:30 p.m. to 5:30 p.m., Mondays through Fridays (typically 47.50 to 52.50 hours per week).

38.     For approximately two occasions throughout his employment, Plaintiff Mendoza worked from approximately 7:00 a.m. until on or about 4:30 p.m. to 5:30 p.m., Mondays through Fridays and from approximately 7:00 a.m. until on or about 6:00 p.m. an extra day per week (typically 58.50 to 63.50 hours per week).

39.     Throughout his employment, Defendants paid Plaintiff Mendoza his wages in cash.

40.     From approximately April 2017 until on or about February 28, 2019, Defendants paid Plaintiff Mendoza $11.00 per hour for 44 hours each week.

41.     Defendants did not pay Plaintiff Mendoza for any hours he worked over 44 each week.

42.     Plaintiff Mendoza's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

43.     For example, Defendants required Plaintiff Mendoza to work an additional 30 minutes to an hour past his scheduled departure time every day, and did not pay him for the additional time he worked.

44.     Defendants never granted Plaintiff Mendoza any breaks or meal periods of any kind.

45.     Nevertheless, Defendants deducted $50 from Plaintiff Mendoza's weekly paycheck for meals he never ate.

46.     Plaintiff Mendoza was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47.     In order to get paid, Plaintiff Mendoza was required to sign a document in which Defendants misrepresented the hours that he worked per week.

48.     After January 2019, Defendants took improper and illegal deductions from Plaintiff Mendoza's wages; specifically, Defendants deducted five hours from Plaintiff Mendoza's weekly wages for meal breaks they never allowed him to take.

49.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mendoza regarding overtime and wages under the FLSA and NYLL.

50.     Defendants did not provide Plaintiff Mendoza an accurate statement of wages, as required by NYLL 195(3).

51.     Defendants did not give any notice to Plaintiff Mendoza, in English and in Spanish (Plaintiff Mendoza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.     Defendants required Plaintiff Mendoza to purchase "tools of the trade" with his own funds—including a uniform set.

*Defendants' General Employment Practices*

53.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendoza (and all similarly situated employees) to work in excess of 40 hours

a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

54.     Plaintiff Mendoza was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55.     Defendants' pay practices resulted in Plaintiff Mendoza not receiving payment for all his hours worked, and resulted in Plaintiff Mendoza's effective rate of pay falling below the required minimum wage rate.

56.     Defendants habitually required Plaintiff Mendoza to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Mendoza worked.

58.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59.     Defendants required Plaintiff Mendoza to sign a document that reflected inaccurate or false hours worked.

60.     Defendants paid Plaintiff Mendoza his wages in cash.

61.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mendoza (and similarly situated individuals) worked, and to avoid paying Plaintiff Mendoza properly for his full hours worked.

63.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Mendoza and other similarly situated former workers.

65.     Defendants failed to provide Plaintiff  Mendoza and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66.     Defendants failed to provide Plaintiff Mendoza and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67.      Plaintiff Mendoza brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68.      At all relevant times, Plaintiff Mendoza and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

69.      The claims of Plaintiff Mendoza stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70.      Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

71.      At all times relevant to this action, Defendants were Plaintiff Mendoza's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Mendoza (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

72.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74.     Defendants failed to pay Plaintiff Mendoza (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75.     Defendants' failure to pay Plaintiff Mendoza (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Mendoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77.     Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

78.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Mendoza (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79.     Defendants' failure to pay Plaintiff Mendoza (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Mendoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

81.     Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiff Mendoza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Mendoza, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

83.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Mendoza less than the minimum wage.

84.     Defendants' failure to pay Plaintiff Mendoza the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Mendoza was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

86.     Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

87.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Mendoza  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88.     Defendants' failure to pay Plaintiff Mendoza overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Mendoza was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

90.      Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

91.      Defendants failed to provide Plaintiff Mendoza with a written notice, in English and in Spanish (Plaintiff Mendoza's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

92.     Defendants are liable to Plaintiff Mendoza in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

93.      Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

94.    With each payment of wages, Defendants failed to provide Plaintiff Mendoza with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

95.    Defendants are liable to Plaintiff Mendoza in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

96.    Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

97.    Defendants required Plaintiff Mendoza to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

98.    Plaintiff Mendoza was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

99.    Plaintiff Mendoza repeats and realleges all paragraphs above as though fully set forth herein.

100.    At all relevant times, Defendants were Plaintiff Mendoza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

101.    Defendants made unlawful deductions from Plaintiff Mendoza's wages including, but not limited to, deductions for meals he never ate.

102.    The deductions made from Plaintiff Mendoza's wages were not authorized or required by law.

103.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Mendoza's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

104.    Plaintiff Mendoza was damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

105.    Plaintiff Mendoza repeats and realleges all paragraphs above as though set forth fully herein.

106.    At all relevant times, Defendants were Plaintiff Mendoza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

107.    After January 2019, Defendants made unlawful deductions from Plaintiff Mendoza's wages; specifically, Defendants deducted five hours from Plaintiff Mendoza's weekly wages for meal breaks they never allowed him to take.

108.    The deductions made from Plaintiff Mendoza's wages were not authorized or required by law.

109.    Through their knowing and intentional efforts to take unauthorized deductions from

Plaintiff Mendoza's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

110.    Plaintiff Mendoza was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

111.    Plaintiff Mendoza repeats and realleges all paragraphs above as though set forth fully herein.

112.    Defendants did not pay Plaintiff Mendoza on a regular weekly basis, in violation of NYLL §191.

113.    Defendants are liable to Plaintiff Mendoza in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mendoza respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendoza and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendoza and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Mendoza's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Mendoza and the FLSA Class members;

(f)    Awarding Plaintiff Mendoza and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Mendoza and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendoza;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendoza;

(j)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Mendoza;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Mendoza's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Mendoza;

(m)     Awarding Plaintiff Mendoza damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Mendoza damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Mendoza liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Mendoza and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Mendoza and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Plaintiff Mendoza demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

September 12, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.


By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 12, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                              **Fernando Mendoza**

Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

12 de marzo de 2019

Date / Fecha:

*Certified as a minority-owned business in the State of New York*