UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FERNANDO MENDOZA,
*individually and on behalf of others similarly situated,*

Plaintiff,

-against-

LGRC CORP. (D/B/A PLAZA DELI) AND,
YOUNG CHUL SONG,

*Defendants.*

1:19-cv-08479

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Fernando Mendoza ("Plaintiff Mendoza") on the one hand, LGRC Corp. (d/b/a Plaza Deli), ("Defendant Corporation"), Young Chul Song, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Mendoza alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Mendoza's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:19-cv-08479 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment**: Defendants shall pay or cause to be paid to Plaintiff Mendoza, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff Mendoza may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Mendoza, the gross sum of Twenty-Five Thousand Five Hundred Dollars and No Cents (**$25,500.00**) (the "Settlement Amount") to be paid to Plaintiff Mendoza's attorneys in Three ("3") installments, as follows:

1

| FERNANDO MENDOZA | $16,656.66 ($8,328.33 by W2 and $8,328.33 by 1099) |
|---|---|
| Michael Faillace & Associates, P.C. | $8,843.34 ($515.00 costs and $8,328.34 in attorneys' fees) by IRS Form 1099 |

Installment One: A check in the amount of two thousand nine hundred forty seven 78/100 ($2,947.78) made payable to Michael A. Faillace, Esq., and two thousand seven hundred seventy six 11/100 ($2,776.11) per 1099 and two thousand seven hundred seventy six 11/100 ($2,776.11) per W-2, less the applicable withholdings to Plaintiff Mendoza, for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Mendoza's counsel. Of this amount, $ 2,947.78 shall be apportioned to Plaintiff's counsel as attorneys' fees and costs, and the remainder ($5,552.22), shall be apportioned to Plaintiff.

(a)    Installment Two: A check in the amount of two thousand nine hundred forty seven 78/100 ($2,947.78) made payable to Michael A. Faillace, Esq., and two thousand seven hundred seventy six 11/100 ($2,776.11) per 1099 and two thousand seven hundred seventy six 11/100 ($2,776.11) per W-2, less the applicable withholdings to Plaintiff Mendoza, for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiff Mendoza's counsel. Of this amount, $ 2,947.78 shall be apportioned to Plaintiff's counsel as attorneys' fees and costs, and the remainder ($5,552.22), shall be apportioned to Plaintiff.

(b)    Installment Three: A check in the amount of two thousand nine hundred forty seven 78/100 ($2,947.78) made payable to Michael A. Faillace, Esq., and two thousand seven hundred seventy six 11/100 ($2,776.11) per 1099 and two thousand seven hundred seventy six 11/100 ($2,776.11) per W-2, less the applicable withholdings to Plaintiff Mendoza, for immediate deposit Ninety Days (90) after court approval of the settlement agreement, delivered to Plaintiff Mendoza's counsel. Of this amount, $ 2,947.78 shall be apportioned to Plaintiff's counsel as attorneys' fees and costs, and the remainder ($5,552.22), shall be apportioned to Plaintiff.

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

(a).    Concurrently with the execution of this Agreement, Defendants LGRC Corp. (d/b/a Plaza Deli) and, Young Chul Song shall each execute and deliver to Mendoza's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff Mendoza's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to

make any of the installment payments as set forth above, <u>and</u> (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Jonathan Yoon Sue, Esq., at 303 Fifth Avenue, Suite 1207, New York, NY 10016 and email at js@jyspllc.com. Any such Notice of Default shall be deemed received five (5) days after it is mailed. The original Confessions of Judgment shall be returned to Defendants' counsel within two days of clearance of the final payment.

    2.    <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA and NYLL wage and hour liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Mendoza at any time had, or claimed to have had against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiff Mendoza from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Mendoza that have occurred as of the Effective Date of this Agreement.

    3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

    4.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Mendoza and Defendants.

    5.    <u>Acknowledgments</u>: Plaintiff Mendoza acknowledges that: (1) he has been fully and fairly represented by counsel in this matter; and (2) he has been instructed by his attorney that Defendants respectfully request he keep this agreement confidential. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff Mendoza and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.  **Notices:** Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Mendoza:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Jonathan Yoon Sue
Law Offices of Jonathan Y. Sue, PLLC
303 Fifth Avenue, Suite 1207
New York, NY 10016
Tel: 212-967-1001
Email: js@jyspllc.com

7.  **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.  **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Mendoza agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.  **Release Notification:** Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with legal counsel and Plaintiff acknowledges that he consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Mendoza acknowledges that it is his choice to waive claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff Mendoza confirms that this Settlement Agreement and Release has been translated to his in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Accord and Satisfaction</u>: Should any action or proceeding be instituted by Plaintiff with respect to matters herein settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed a full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

11. <u>No Assignment</u>: Plaintiff represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

12. <u>Entire Agreement</u>: This Agreement and all attachments constitute the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement. There are no representations, warranties, understandings, or agreements other than those expressly set forth in this Agreement.

13. <u>Waiver</u>: Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

14. <u>Binding Effect</u>: This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors, and assigns of the respective Parties.

15. <u>Construction</u>: The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

16. <u>Attorneys' Fees and Costs</u>: Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation. However, the prevailing Party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

17. <u>Fair and Reasonable Settlement</u>: The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

YO RECONOZCO QUE ESTE CONTRATO HA SIDO TRADUCIDO EN ESPANOL, MI PRIMER LENGUAJE

PLAINTIFF:

By: _____        Date: _____
    FERNANDO MENDOZA

DEFENDANTS:

By: _____        Date: 3.31.2020
    LGRC CORP.

By: _____        Date: 3.31.2020
    YOUNG CHUL SONG

10. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

YO RECONOZCO QUE ESTE CONTRATO HA SIDO TRADUCIDO EN ESPANOL, MI PRIMER LENGUAJE

PLAINTIFF:

By: *Fernando Mendoza*     Date: 3/27/20
FERNANDO MENDOZA

DEFENDANTS:

By: _____     Date: _____
LGRC CORP.

By: _____     Date: _____
YOUNG CHUL SONG

6

SUPREME COURT OF THE STATE OF NEW YORK

------------------------------------x

FERNANDO MENDOZA,
*individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

LGRC CORP. (D/B/A PLAZA DELI) AND, YOUNG CHUL SONG,

                *Defendants.*

------------------------------------x

Index No.: **1:19-cv-08479**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF ~~NEW YORK~~ New Jersey    )
                             : ss.:
COUNTY OF Bergen    )

1. I reside in ____Bergen____ County.

2. I, Young Chul Song, am the President LGRC Corp. (d/b/a Plaza Deli). I am duly authorized to make this affidavit of confession of judgment on behalf of LGRC Corp. (d/b/a Plaza Deli).

3. LGRC Corp. (d/b/a Plaza Deli), maintains its principal place of business in New York County at 127 John St, New York, NY, 10038.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Fernando Mendoza (each a "Plaintiff" and collectively, "Plaintiff") and LGRC Corp. (d/b/a Plaza Deli) and, Young Chul Song (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against LGRC Corp. (d/b/a Plaza Deli) in favor of Plaintiff for the sum of Thirty Eight Thousand Two Hundred Fifty Dollars and No Cents ($38, 250.00). Any payments, which were previously made under the Settlement Agreement, are to be credited after execution of judgment.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $25,500.00 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $25,500.00 plus liquidated damages of $12,750.00 (for a total of $38,250.00).

6.  This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.  I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $38,250.00 (any amounts already paid to Plaintiff pursuant to the above schedule are to be credited after collection of said judgment), against LGRC Corp. (d/b/a Plaza Deli).

LGRC Corp.

By: _____
Young Chul Song
Title: President

STATE OF New Jersey )
                    : ss.:

On March 31st, 2020, before me personally came Young Song, to me known, who, by me duly sworn, did depose and say that deponent resides at 314-A 3rd Street, Hackensack, NJ, that deponent is the <u>President</u> of LGRC Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of LGRC Corp. and was authorized to do so.

_____
Notary Public

ELOISA S RUIZ
Notary Public - State of New Jersey
My Commission Expires Jul 13, 2021

9

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FERNANDO MENDOZA,
*individually and on behalf of others similarly situated,*

     Plaintiff,

   -against-

LGRC CORP. (D/B/A PLAZA DELI) AND, YOUNG CHUL SONG,

     *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: **1:19-cv-08479**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF ~~NEW YORK~~ *New Jersey* )
          : ss.:
COUNTY OF *Bergen*     )

1. I reside in _*Bergen*_ County.

2. Pursuant to the terms of the Settlement Agreement and Release by and between Fernando Mendoza (each a "Plaintiff" and collectively, "Plaintiff") LGRC Corp. (d/b/a Plaza Deli) and, Young Chul Song (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Mendoza for the sum of Thirty- Eight Thousand Two Hundred Fifty Dollars and No Cents ($38,250.00), less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff Mendoza under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $38,250.00 to Plaintiff Mendoza. The amount of this affidavit of confession of judgment represents the settlement amount of $25,500.00 plus liquidated damages of $12,750.00 (for a total of $38,250.00). Any payments, which were previously made under the Settlement Agreement, are to be credited after execution of judgment.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $38,250.00 (amounts already paid to Plaintiff pursuant to the above schedule are to be credited after collection of said judgment), against me, Young Chul Song.

_____
Young Chul Song

Sworn to before me this
31 day of March 2020

_____
Notary Public

ELOISA S RUIZ
Notary Public - State of New Jersey
My Commission Expires Jul 13, 2021

12