UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDO MENDOZA, | |
| Plaintiff, | 19-CV-8479 (BCM) |
| -against- | **ORDER** |
| LGRC CORP. et al., | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _04/24/2020_

**BARBARA MOSES, United States Magistrate Judge**.

The Court has received and reviewed plaintiff's letter-application dated April 15, 2020 (Pl. Ltr.) (Dkt. No. 17), seeking approval of the parties' proposed Settlement Agreement and Release (Agreement) (Dkt. No. 17-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties reached agreement on the material terms of their settlement following a court-ordered mediation on January 28, 2020. (Dkt. No. 15.) They consented to my jurisdiction, pursuant to 28 U.S.C. § 636(c), on April 22, 2020. (Dkt. No. 19.)

Under the Agreement, defendants LGRC Corp. (LGRC) and Young Chul Song will pay $25,500, in three equal installments, to settle their former employee Fernando Mendoza's wage and hour claims under the Fair Labor Standards Act (FLSA) and state law. Ag. ¶¶ 1(a)-(c). Of that sum, $8,328.35 (just under 33%) will go to plaintiff's counsel as fees, and $515 will go to counsel as costs, leaving $16,656.66 for Mendoza himself. *Id*. That figure is approximately 22% higher than the $13,618 in unpaid wages and overtime damages due to plaintiff, as calculated by counsel. Pl. Ltr. at 2-3. The installment payments are backed by two affidavits of confessions of judgment, signed by defendant Young Chul Song (one on behalf of LGRC and one on his own behalf), in the amount of $38,250 (*i.e*., the $25,500 settlement payment specified in the Agreement plus "liquidated damages of $12,750"). Ag. at 8-12. "Any payments, which were previously made under

the Settlement Agreement, are to be credited after execution of judgment." *Id*. at 8, 11. The Agreement contains a one-way release limited to plaintiff's wage and hour claims. *Id*. ¶ 2.

After careful review, the Court finds that the economic terms of the Agreement, including the award of fees and costs to plaintiff's counsel, are fair and reasonable, as required by *Cheeks*. The Court notes, however, that the Agreement recites, among other things, that plaintiff "acknowledges" that "he has been instructed by his attorney that Defendants respectfully request he keep this agreement confidential." Ag. ¶ 5(2). As counsel undoubtedly understand, the Agreement is not confidential – it has been publicly filed on the docket of this action – and the "instruction" described in ¶ 5(2) creates no legal obligation on the part of plaintiff, who remains free to "discuss [his] settlement with others if [he] choose[s] to do so." *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (collecting cases and explaining why confidentiality clauses in FLSA settlements are generally improper as a matter of public policy).

The Court further notes that the $12,750.00 in "liquidated damages" included in the affidavits of confession of judgment annexed to the Agreement represents 50% of the total settlement amount of $25,500.00, which is to be paid in three installments of $8,500.00 each. As a practical matter, therefore, defendants will pay a 50% premium if they default on the first scheduled payment, a 75% premium (on the unpaid amount) if they default on the second scheduled payment, and a hefty 150% premium (on the unpaid amount) if they make the first two payments but default on the third.

As this Court has previously observed, the purpose of the judicial review process mandated by *Cheeks* "is to ensure that the agreement is fair and reasonable to the *plaintiff*." *Vasquez v. La Rola Rest.*, *Inc.*, No. 17-CV-7899 (BCM), 2019 U.S. Dist. LEXIS 62090, at *4 (S.D.N.Y. Apr. 9, 2019) (emphasis in the original; internal quotations and citations omitted). Accordingly, any

2

potential unfairness to *defendants* inherent in the affidavits of confession of judgment is not a barrier to judicial approval of the Agreement under *Cheeks* and its progeny. *Id*. Moreover, while there is a possibility that the liquidated damages provision in those affidavits could be deemed an unenforceable penalty in future proceedings, thus disadvantaging plaintiff, *see Vasquez*, 2019 U.S. Dist. LEXIS 62090, at *6-7 (collecting cases); *Truck Rent-A-Ctr, Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 424, 361 N.E.2d 1015, 1018 (1977) (under New York law, a liquidated damages provision "which requires, in the event of contractual breach, the payment of a sum of money grossly disproportionate to the amount of actual damages provides for penalty and is unenforceable"), it would be premature for this Court to prejudge the issue in the context of a *Cheeks* review. In any event, even if plaintiff could not obtain a confessed judgment including liquidated damages, he would still have a contractual right to the full settlement amount for which he bargained, together with "all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement." Ag. ¶ 16. The possible unenforceability of the liquidated damages provision in the affidavits of confession of judgment therefore does not undermine the fairness of the Agreement as to him.

In his letter (signed only by his own counsel), plaintiff requests that the Court "retain jurisdiction to enforce the Settlement Agreement." Pl. Ltr. at 5. Because this request appears nowhere in the Agreement itself, and because the affidavits of confession of judgment – which would likely be implicated in the event of a breach – are governed by state law and can be filed in state court, *see* N.Y.C.P.L.R. § 3218; *Rodrigues v. Corona Advances, Inc*., No. 15-CV-6815 (BCM), 2018 U.S. Dist. LEXIS 144532, at *5 (S.D.N.Y. Aug. 24, 2018), this Court declines to retain jurisdiction for any purpose. *See Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004) ("A district court is not obliged to retain jurisdiction to enforce

a settlement simply because parties may wish it to do so."); *Gutierrez v. Jhin*, No. 18-CV-00889 (BCM), 2019 U.S. Dist. LEXIS 154422, at *6 (S.D.N.Y. Sep. 9, 2019) (declining to retain jurisdiction over FLSA settlement for enforcement purposes where "the lack of a federal forum will not impose any undue hardship").

Consequently, plaintiff's letter-application is **GRANTED** to the extent that the Agreement is **APPROVED** and this action is **DISMISSED** with prejudice and without costs. The Clerk of the Court is respectfully directed to close the case.

Dated: New York, New York
April 24, 2020

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**